IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Lakisha Smith | ) | **AMENDED COMPLAINT** |
| Plaintiff(s), | ) | (JURY TRIAL REQUESTED) |
| vs. | ) | |
| | ) | Civil Action No.: 7:16-CV-02760-MGL-KFM |
| AFL Telecommunications LLC., | ) | |
| Defendant(s). | ) | |
| | ) | |

The Plaintiff, complaining of the Defendants, would respectively show unto this Honorable Court:

## THE PARTIES

1. The Plaintiff is a citizen and resident of the County of Spartanburg, State of South Carolina.

2. The Defendant, AFL Telecommunications LLC ("AFL"), upon information and belief, is a corporate entity that operates a private telecommunications business in the County of Spartanburg, State of South Carolina.  AFL is a proper defendant for claims brought pursuant to Title VII of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

3. The action complained of occurred within Spartanburg County, South Carolina, and thus this Court has proper jurisdiction and venue over this matter.

4. The Plaintiff timely filed complaints alleging sexual discrimination and harassment with the Greenville branch of the Equal Employment Opportunity Commission.  The complaint was referred to the South Carolina Human Affairs Commission for investigation. Following an additional investigation by U.S. Equal Employment

1

Opportunity Commission, the Plaintiff received a Right to Sue letter from the U.S. EEOC dated April 20, 2016. Plaintiff has filed the instant suit within 90 days of the date she received the EEOC Right to Sue letter.

## FOR A FIRST CAUSE OF ACTION
*(Sex Discrimination-Pregnancy)*

5. In December of 2012, Plaintiff was hired as a Human Resources Assistant for AFL-Telecom Division.

6. From December of 2012 through November of 2013, Plaintiff continued in this position, after going on approved maternity leave in October, 2013, at all times remaining employed by Defendant without interruption or indication that she would be terminated upon return from maternity leave.

7. On her first day of employment, Plaintiff was informed that the Human Resource Generalist in her department was leaving, and the Plaintiff would be required to take over some new duties that were not contemplated by her original employment agreement.

8. As Plaintiff began her work as HR Assistant, it became clear that the majority of the HR Generalist responsibilities were falling to her, and were not being equally reassigned among other colleagues in her department.

9. Within one month of beginning her work as an HR Assistant, Plaintiff met with her direct supervisor, Ms. Sherise Brown, and informed her that Plaintiff felt overwhelmed by the assignment of responsibilities that should have been the purview of the HR Generalist in her department.

10. From January of 2013 until May of 2013, Plaintiff met monthly with Ms. Brown and the Vice President/General Counsel of Defendant, Mr. Grant Burns, regarding the management of responsibilities she had taken on when the HR Generalist left. Plaintiff was repeatedly assured that she would receive additional help, and Mr. Grant affirmed that her concerns about being overloaded with work were legitimate.

11. During her tenure as employee with Defendant, the Plaintiff had never been subject to any disciplinary warnings or actions regarding her work as a Human Resources Assistant by co-workers or supervisors.

12. In February 2013, the Plaintiff became aware that she was pregnant.

    a. At the end of February 2013, Plaintiff informed her supervisor, Ms. Brown, that the Plaintiff was pregnant, as she found it necessary to explain an illness that caused her to miss a day of work.

    b. In April of 2013, during their monthly meeting, Plaintiff informed Mr. Grant of her pregnancy.

13. At the next monthly meeting on May 10th of 2013, Mr. Grant and Ms. Brown suggested that the Plaintiff may not "be the right person for the position."

    a. Up until this point, both Mr. Grant and Ms. Brown had continued to acknowledge that Plaintiff's difficulties with her workload were legitimate, and that the requirement that she undertake the many responsibilities of the departing HR Generalist was unduly burdensome.

    b. Further, up until this meeting, Mr. Grant continued to assure the Plaintiff that he would hire additional help for her, but as of May had yet to do so.

    c. Until she informed Mr. Grant of her pregnancy at this May meeting, the Plaintiff had received only understanding and affirmative feedback.

3

      1. Additionally, in her only performance review to that date, the Plaintiff received an overall positive review, aside from acknowledgment by Ms. Grant that the Plaintiff was still struggling to catch up with an admittedly oversized workload.

14. On May 13, 2013, Plaintiff properly submitted a Workplace Alert Program Report via the company's telephonic "Hotline," where employees are encouraged to submit Human Resources Concerns and Complaints. This call was memorialized in a report provided by the Defendant during the SCHAC investigation.

    a. These submissions are to remain anonymous, but the particular facts of the Plaintiff's complaint were sufficiently unique to alert management as to the identity of the "Caller."

        1. In her submission to the Workplace Alert Program, the Plaintiff as "Caller" explained her history as an HR Assistant and her difficulties with work overload based on the abrupt departure of the HR Generalist, Jennifer Bartlett, on Plaintiff's first day of employment.

        2. Further, the Plaintiff as "Caller" stated that she believed Ms. Brown and Mr. Burns were treating her with hostility because she had disclosed to Mr. Burns that was she was pregnant at their May 10th meeting.

15. On August 19, 2013, Stacey Chereubini was hired as an HR Assistant, ostensibly to help Plaintiff with her large workload. Ms. Chereubini moved from another city, on her own, to accept the position, and as far as is known by Plaintiff, was single and not pregnant at the time.

4

16. In August of 2013, AFL posted another opening for an HR Assistant. Mr. Joie Eison was hired to fill the position, but was taken on as an HR Generalist instead. Plaintiff believes this posting was made with the title of Assistant rather than Generalist in order to deter her from applying for the position.

17. On October 3, 2013, the Plaintiff spoke with Ms. Brown about her upcoming maternity leave, and her plan to return after six weeks.

18. On October 7, 2013, the Plaintiff went on maternity leave.

19. On November 14, 2013, the Plaintiff contacted Ms. Brown to inform her that she had been released to return to work on November 18, 2013, and wanted to come back.

20. On November 14, 2013, Ms. Brown informed Plaintiff that she no longer had a position available for her, and that AFL was terminating her employment.

## FOR A SECOND CAUSE OF ACTION

### *(Retaliation)*

21. Each and every allegation stated above is restated as if repeated herein.

22. Upon information and belief, Defendant took detrimental employment actions against Plaintiff because she reported the sex discrimination and violations of Title VII, including eventual termination of employment.

23. Upon information and belief, Defendant's actions violate the anti-retaliation provisions of Title VII.

24. Plaintiff has suffered injuries from Defendant's actions including emotional distress, lost wages, and lost income and is entitled to all recoverable damages allowed under Title VII.

WHEREFORE, the Plaintiff prays the Court to return a verdict in her favor with actual, statutory and punitive damages as a jury finds appropriate; for the costs and attorneys fees of this action; and for such further relief as this Court deems just.

                                              Respectfully Submitted,

Columbia, South Carolina                s/Raia Jane Hirsch_____
21 day of October, 2016.                   Raia Jane Hirsch, Attorney at Law
                                              1720 Main Street, Suite 301
                                              Columbia, South Carolina 29201
                                              Ph. 929-0770 Fax: 799-4059
                                              raia@rjhirschlaw.com

                                              Vincent A. Sheheen
                                              Savage, Royall & Sheheen, LLP
                                              PO Drawer 10
                                              Camden, South Carolina 29020
                                              Ph. (803) 432-4391
                                              vsheheen@thesavagefirm.com

                                              ATTORNEYS FOR PLAINTIFF